UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

SAMUEL EUGENE CALHOUN,

        Plaintiff,                 Case No. 1:20-cv-1076

v.                                       Honorable Hala Y. Jarbou

BERRIEN COUNTY,

        Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983 and, purportedly, Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131–12165. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint because it both fails to state a claim and is frivolous.

**Discussion**

I.  **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan. Plaintiff sues Berrien County.

Plaintiff's allegations are not altogether clear to the Court. Plaintiff was convicted in Berrien County of first-degree criminal sexual conduct (CSC-I) and sentenced in September 2001, to a term of life in prison. *See* MDOC, Offender Tracking and Information System (OTIS) – Offender Profile, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=379175 (last visited Mar 24, 2021).[1] The case number associated with Plaintiff's conviction was No. 01410703-FC.[2] *Id.* Around the time that Plaintiff was charged with CSC-I, he was also charged with larceny-by-conversion in case No. 2000411372-FC. (*See* ECF No. 1-9, PageID.40.) According to documents Plaintiff has attached to his complaint, prosecutors abandoned his larceny case in August 2001, and a "nolle prosequi" note appears on that case's docket sheet. (ECF No. 1-3, PageID.21.)

---

[1] The Court takes judicial notice of these facts under Rule 201 of the Federal Rules of Evidence. The accuracy of the source regarding this specific information "cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also* Paul F. Rothstein, *Federal Rules of Evidence* 49 (3d ed. 2019) (citing *Matthews v. NFL Mgmt. Council*, 688 F.3d 1107 (9th Cir. 2012) (taking judicial notice of statistics on the NFL website that the plaintiff played 13 games in California over 19 years); *Victaulic Co. v. Tieman*, 499 F.3d 227, 236-37 (3d Cir. 2007), *as amended* (Nov. 20, 2007) (finding error where a district court took judicial notice of facts stated in "a party's . . . marketing material" on an "unauthenticated" website because marketing materials often lack precise and candid information and the source was not authenticated)).

Moreover, "[t]he court may take judicial notice at *any* stage of the proceeding." Fed. R. Evid. 201(d) (emphasis added). Thus, the Court may take judicial notice even at this early juncture because the Court is permitted to take judicial notice *sua sponte*, Fed. R. Evid. 201(c)(1), and "the fact is not subject to reasonable dispute," Fed. R. Evid. 201(b).

[2] Documents Plaintiff attached to the complaint suggest that the full case number was No. 2001410703-FC. (*See* ECF No. 1-9, PageID.40.)

More than 17 years after prosecutors abandoned Plaintiff's larceny case, Plaintiff filed a motion requesting documents filed in that case from the Berrien County Trial Court. That court granted Plaintiff's request, qualifying that the county clerk must provide copies of the documents as long as they (1) existed in the court file, and (2) had not already been provided to Plaintiff or his attorney. (ECF No. 1-2, PageID.17.) Plaintiff alleges that upon receiving that court's order and in anticipation of receiving the requested documents, he filed a motion for post-appeal relief under Michigan Court Rule Subchapter 6.500.

For reasons unknown to this Court, Plaintiff did not receive the documents he requested. Plaintiff filed a motion in the Berrien County Court to show cause why the clerk of that court should not be held in contempt, together with a motion requesting a stay of the proceedings. Ultimately, that court denied Plaintiff's motion for post-appeal relief without expressly deciding Plaintiff's other pending motions. Plaintiff unsuccessfully sought review of the decision with the Michigan Court of Appeals and the Michigan Supreme Court.

Having failed in the courts of the State, Plaintiff has brought his dispute to the federal court. Plaintiff has alleged that Defendant Berrien County, apparently through that county's trial court, retaliated against him and denied him access to the courts in violation of the First Amendment, denied him due process in violation of the Fourteenth Amendment, and denied him protections guaranteed under the ADA.

Plaintiff seeks declaratory relief, together with $5.75 million in damages, fees, and costs.

## II.   **Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While

a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

4

### III.  Claims Related to State Court Judgment

To the extent Plaintiff challenges the process and judgment of his State court proceeding, he fails to state a claim. A doctrine known as *Rooker-Feldman* limits this Court's jurisdiction to adjudicate appeals from or collateral attacks on state-court rulings. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548. Thus, to the extent Plaintiff invites this Court to review the Michigan court judgments, this Court lacks jurisdiction.

### IV.  Residual Claims

Plaintiff's residual claims against Defendant are not altogether clear, but to the extent Plaintiff intends to sue Berrien County for something beyond the result of his State court action, he fails to state a claim. Berrien County may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Instead, a county is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60.

Plaintiff's allegations against Defendant essentially rest on a theory of vicarious liability and therefore do not state a claim. *Id.* To the extent that Plaintiff suggests that the County has a custom or policy of retaliating, interfering with access to the courts, denying due process, or discriminating based on disability, his allegations are wholly conclusory.[3] As the Supreme Court has instructed, to demonstrate that a municipality had an unlawful custom, a plaintiff must show that the municipality was deliberately indifferent to "practices so persistent and widespread as to practically have the force of law." *Id.* at 61. Plaintiff cites no prior incidents demonstrating a widespread pattern. He merely suggests that such a pattern exists. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 (2007). Plaintiff therefore fails to state a claim against Defendant.

V. **Frivolity**

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's complaint presents a variety of ramblings with no clear purpose, in violation of the short and plain statement requirement of Fed. R. Civ. P. 8. Even giving the most liberal construction to Plaintiff's complaint, *see Haines*, 404 U.S. at 520, the Court is unable to clearly find a basis in Plaintiff's allegations for a cause of action much less against the Defendant. Because the Court is unable to discern how Plaintiff's allegations

---

[3] Indeed, Plaintiff fails to even allege how he is disabled. Reading the complaint liberally, he suggests that he is disabled under the ADA either because is incarcerated or because he is indigent. The ADA defines the term "disability" as follows: "[1] a physical or mental impairment that substantially limits one or more of the major life activities of such individual; [2] a record of such an impairment; or [3] being regarded as having such an impairment." 42 U.S.C. § 12102(2). Neither incarceration nor indigency meets the ADA's definition of disability. This is just one among many defects of the complaint.

6

connect to Defendant in any conceivable way, Plaintiff's complaint necessarily lacks an arguable basis either in law or fact. *See Neitzke*, 490 U.S. at 395; *see also Parker v. Parker Int'l/Parker Tobacco Co.*, No. 89-6078, 1990 WL 63523, at *1 (6th Cir. May 11, 1990).

Accordingly, Plaintiff's action is also subject to dismissal because it is frivolous.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed because it fails to state a claim and is frivolous, under 28 U.S.C. § 1915A(b). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   March 31, 2021                          /s/ Hala Y. Jarbou
                                                 HALA Y. JARBOU
                                                 UNITED STATES DISTRICT JUDGE